People v Douglas (2021 NY Slip Op 02501)





People v Douglas


2021 NY Slip Op 02501


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Ind No. 4465/15 Appeal No. 13681 Case No. 2018-1894 

[*1]The People of the State of NewYork, Respondent,
v
Rakeem Douglas, Defendant-Appellant. 


Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered August 16, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.
The court properly denied defendant's suppression motion. The police testimony at the hearing established that, after lawfully arresting defendant for possession of a gravity knife, the officers followed a valid procedure for an inventory search of defendant's car, which led to the recovery of a pistol (see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]). The forms used by the police were sufficient to create a meaningful inventory list and there is no indication that the inventory search was a ruse for searching for incriminating evidence (see People v Walker, 20 NY3d 122, 127 [2012]). The delay in completing the inventory procedure was satisfactorily explained by the particular circumstances of the police investigation (see People v Echevarria, 173 AD3d 638, 639 [1st Dept 2019], lv denied 34 NY3d 930 [2019]).
Defendant did not preserve his claims that the testifying officer lacked familiarity with inventory search procedures, that the search exceeded the permissible scope of an inventory search, and that the officer failed to make a valid determination that the knife recovered in the initial arrest was a then-illegal gravity knife. We decline to review these claims in the interest of justice. We do not reach defendant's claim of ineffective assistance of counsel regarding the suppression proceedings, first raised in a footnote in the reply brief.
We perceive no basis for reducing the sentence. The fact that defendant declined an offer of a lesser sentence in return for an appeal waiver does not entitle him to a reduction of sentence (see People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021